IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DAVID COTTON, | : |
|---|---|
| Plaintiff, | : |
| v. | : Civ. No. 14-596-RGA |
| EWONNA CAMPBELL, et al., | : |
| Defendants. | : |

David Cotton, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 9, 2014
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff David Cotton, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

Plaintiff alleges that sometime prior to February 6, 2014, he was placed on P.C.O. (psychiatric close observation) status for kicking a door, restrained on a table "for hours", and forcibly administered a "cocktail shot." (D.I. 7). Plaintiff had a "bad reaction" to the injection and a near death experience. (*Id.*). Plaintiff alleges that the HRYCI staff let him suffer for three to four hours. (*Id.*).

Next, Plaintiff alleges that he was denied his right to due process on February 6, 2014, by Defendant John Polk during an inmate disciplinary hearing. (D.I. 2, ¶ 2). Plaintiff alleges that on February 6, 2014, Defendant David Banford violated his constitutional rights when he placed him on "72 hour recreation" instead of at least three hours of recreation per week.[1] (*Id.* at ¶ 6). This caused Plaintiff a "lack of personal hygiene and mental health" and he was administered Prozac for depression. (*Id.*) Plaintiff asked Banford to be removed from the 72 hour recreation, but his request was denied. (*Id.*) He has remained on 72 hour recreation since February 6, 2014. (*Id.*)

Plaintiff alleges that Defendants Ewonna Campbell, Allen Harris, King Ayala, Gregory Esposito, and Jay Loy used excessive force on February 22, 2014 when they hit him at least 25 times and then sprayed him with a full can of pepper spray. (*Id.* at

---

[1] It appears that the confusingly-named "72 hour recreation" is two hours of recreation per week. (*Id.* at ¶ 6).

¶¶ 1, 3, 4, 8, 9 ). Plaintiff further alleges that Defendant Jay Lee did not take immediate action during the February occurrence and he also sprayed Plaintiff with pepper spray. (*Id.* at ¶ 10). Plaintiff alleges that Defendant Stephen Brackett failed to protect him during the February 22, 2014 incident and then, used excessive force when Plaintiff sought to submit a grievance after he witnessed another incident involving Harris. (*Id.* a ¶ 7). Finally, Plaintiff alleges that excessive force occurred on May 2, 2014 when Defendant Gregory Esposito sprayed him in the face (apparently with pepper spray) and Ayala slammed Plaintiff into a shield and injured him. (*Id.* at ¶ 8).

Plaintiff wrote to Defendant Philip Morgan, the warden at HRYCI, and alleges that Morgan failed to protect him by reason of his negligence in not investigating the excessive force claim. (*Id.* at ¶ 5). He also alleges that Morgan violated his right to due process during the disciplinary process because he did not investigate the claim. (*Id.*). Plaintiff alleges that on April 30, 2014, Lee stated that he served Plaintiff with a disciplinary report but Plaintiff did not receive the report until the middle of the disciplinary hearing that was held on May 2, 2014. (D.I. 2, ¶ 10). Finally, Plaintiff alleges that, on an unnamed date, Defendant C/O Hicks violated his right to due process and endangered his welfare. (D.I. 6) Plaintiff seeks compensatory and punitive damages and injunctive relief.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions

2

brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641

3

F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)). The Complaint contains numerous pleading defects. For example, with regard to the February 2014 incident of restraint and forcible administration of medication, the complaint refers to the HYRCI staff, but does not indicate when, where, or specifically who, allegedly violated Plaintiff's constitutional rights. Similarly, the due process claims raised against Polk and Hicks state in a conclusory manner that they violated Plaintiff's constitutional rights, but provide no description of how that allegedly occurred. The due process claim against Lee alleges that Plaintiff did not timely receive a copy of disciplinary violations, but the Complaint does not indicate if Plaintiff was deprived of a legally cognizable liberty interest that imposed atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Finally, the denial of exercise or recreation can result in a constitutional violation. "[M]eaningful recreation 'is extremely important to the psychological and physical well-

being of the inmates.'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1031 (3d Cir. 1988) (*quoting Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)). Here, as best as can be discerned by the court, it appears that Plaintiff alleges that he receives two hours of exercise per week. As the Court understands the allegations, they do not rise to the level of a violation under the Eighth Amendment.

Accordingly, the foregoing claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(2). However, since it appears plausible that Plaintiff may be able to clarify his claims, articulate a claim against the defendants, or name alternative defendants, he will be given an opportunity to amend his pleading as to the foregoing claims. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

Plaintiff alleges that Morgan violated his constitutional rights when he failed to investigate the February incident. It is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, (1974). Rather, due process prohibits the deprivation of a prisoner's liberty interest at a disciplinary hearing unless the prisoner is given: (1) an impartial decision-making body; (2) twenty-four hour notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and (5) a written decision explaining the evidence relied upon. *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). Due process did not require that Morgan investigate the February 2014 incident, nor was there a mandatory duty upon Morgan to investigate the matter. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973) (holding inmates failed to state a claim

against state officials for failing to investigate or prosecute civil rights violations)). Finally, because a prisoner has no free-standing constitutional right to an effective grievance process, Plaintiff cannot maintain a constitutional claim against Morgan based upon his perception that he failed to properly investigate the matter. *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011). Therefore, the claims against Morgan will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

For the above reasons, the Court will dismiss the forcible administration of medication claim against the HRYCI staff, the due process claims against John Polk, C/O Hicks, and Jay Lee, and the recreation claim against David Banford for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(2). Plaintiff will be given leave to amend the claim that he was restrained and forcibly administered medication which caused an allergic reaction, the due process claims against Polk, Hicks, and Lee, and the recreation claim against Banford. The Court will dismiss all claims against Morgan pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court will allow Plaintiff to proceed on the excessive force and failure to protect claims against Ewonna Campbell, Allen Harris, King Ayala, Gregory Esposito, Stephen Brackett, Jay Lee, and Jay Loy.[2]

An appropriate order will be entered.

---

[2] The core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). For an inmate to prevail on an excessive force claim and/or failure to protect claim he must prove two things: (1) that he is incarcerated under conditions posing a substantial risk of harm and (2) that the official knew of and disregarded an excessive risk to the inmate's health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 833-38 (1994).